**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **JERRY ROTEN** | * | **CIVIL ACTION NUMBER :** |
| Plaintiff | | |
| | | |
| **VERSUS** | * | **JUDGE :** |
| | | |
| **CITY OF MINDEN** | | |
| **and RUSSELL ENGI** | * | **MAGISTRATE JUDGE:** |
| **SETH YOUNG** | | |
| Defendants | | |

<u>**COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

**JURISDICTION**

1.    This action is brought pursuant to 42 U.S.C. Section 1983, First, and the

Fourth and Fourteenth Amendments of the United States Constitution.

Jurisdiction is founded on 28 U.S.C. Sections 1331 and 1343(1)(2)(3)(4)

and the aforementioned statutory and Constitutional provisions. The

plaintiff invokes this court's supplemental jurisdiction to hear state law

claims pursuant to 28 USC 1367.

**PARTIES**

2.    Plaintiff, JERRY ROTEN, is a citizen of the United States and  a resident

of and domiciled in Minden, Webster Parish, Louisiana.

3.    Made defendant herein are:

**A.**  RUSSELL ENGI  who was a patrol officer for the City of Minden police department, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law of the defendant CITY OF MINDEN.  He is sued in his individual and in his official capacities.

**B.**      SETH YOUNG  who was a patrol officer for the City of Minden police department, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law of the defendant CITY OF MINDEN.  He is sued in his individual and in his official capacities.

**C.**  Made defendant herein is CITY OF MINDEN which is a political subdivision of the State of Louisiana.

### FACTS

4.      On March 23, 2015,  Jerry Shane Roten was at the Louisiana Fried Chicken fast food restaurant located on Shreveport Road in Minden, Webster Parish, Louisiana.

5.      When Jerry Shane Roten arrived  at the Louisiana Fried Chicken he noticed three Minden City Police Cars with their emergency lights on in the Magnolia Motel parking lot. The Magnolia Motel is a public place, located next door to the Louisiana Fried Chicken restaurant.

6.      Mr. Roten sat on his fender on the back of his trailer to observe the police.
When Mr. Roten saw the police taking action at the Magnolia Motel , he
went to his truck to retrieve his cell phone and began video recording the
police activity.

7.      He was a distance of about 125 feet away from the motel room that was
the focus of the officers' attention.   Apparently there was an man inside
motel room number 3 who allegedly was swinging numchucks.

8.      Mr. Roten repositioned himself after the police moved vehicles in an
apparent attempt to block Mr. Roten's recording. While recording, Mr.
Roten did not attempt to communicate with the police.  He was not vocally
or physically disturbing anyone.  Mr. Roten did not attempt to give
commands or directions to the police or to distract them from their duties
or otherwise influence them.

9.      Police officers began to tell Mr. Roten to move.  Mr. Roten continued to
video record as he was in a public place and was not interferring with an
investigation. Defendants arrested Plaintiff for Interfering With a Police
Investigation in violation of his First Amendment rights and without
probable cause.

10.     The police did not tell motel employees to move as they had told Mr.
Roten.  Motel employees stood across from Room 3 while Minden Police

were on the scene.  There were two motel employees across from the subject motel room.  They were about  60 feet away.  They were not assisting the officers but were watching the police action, like Mr. Roten. But unlike Mr. Roten, they neither used nor displayed a video recorder. These motel employees were much closer to the subject motel room than Mr. Roten by sixty feet.  They were not told by police to move.  The motel employees were not told to move nor were they arrested by police.

11.   There was no personal safety issues with Mr. Roten's position. Defendants Young and Engi arrested Mr. Roten for his alleged violation of law, LSA-R.S. 14:39,  Interfering with a Law Enforcement Investigation. Police transported Mr. Roten  to the Minden city jail.

12.   Defendants handcuffed Mr. Roten, placed in a police vehicle, transported to the Minden City jail and placed in a holding cell. It was only then at the jail that Officer Young requested Mr. Roten's name.

13.   At the city jail Officer Seth Young asked Mr. Roten for his name.  Mr. Roten declined to give his name to Officer Seth Young.  However, within a few minutes, Mr. Roten gave his name to Officer Russell Engi.  No officer asked Mr. Roten for his name nor his driver's license at the motel scene. He was given two summons by Defendants Engi and Young.  Plaintiff was never booked into the City jail. The summons by Engi and Young were for

the offenses of  LSA-R.S. 14:39,  Interfering with a Law Enforcement

Investigation and Resisting an Officer, LSA-R.S. 14:108.  He was also

charged with a felony of Public Intimidation which was processed for

prosecution by City of Minden but was later withdrawn. Plaintiff was

released from Bayou Dorcheat Correctional Center after posting bond.

14.    Defendants arrested Plaintiff in retaliation for his video recording of police

activities at the motel in violation of his First Amendment rights.  There

was no probable cause to arrest.

15.    After trial, Hon. Sherb Sentell Judge Minden City Court, ruled that Mr.

Roten was not guilty of Interfering with a Law Enforcement Investigation,

LSA-R.S. 14:39, because of a long standing recognition of a citizen's right

to video record police action in a public place.  Judge Sentell recognized

Mr. Roten's First Amendment right to video record police in the public.

Judge Sentell found Mr. Roten not guilty of Intentionally Interfering with a

Law Enforcement Investigation. But Judge Sentell found Mr. Roten guilty

of Resisting an Officer, LSA-R.S. 14:108, for Plaintiff's failure to provide

his name to an officer at the jail.  This was error since there was no

probable cause to arrest Plaintiff.

16.     Also, as a result of the arrest, Mr. Roten was embarrassed and

humiliated.   He suffered mental distress. He suffered consequential

damages in the form of posting bond, lost income to go to court and payment of attorney fees.

**FIRST CAUSE OF ACTION:**
**FALSE ARREST**

17.    Plaintiff JERRY ROTEN  reiterates and realleges paragraphs 1 -16 as though fully set forth herein.  Made defendants are Young, Engi and the City of Minden.

18.    JERRY ROTEN  contends that defendants violated his right to be free from false arrest or detention in violation of the Fourth and Fourteenth Amendments, as applied to the City of Minden,  of the U.S. Constitution. Defendant ENGI and YOUNG caused the  arrest of plaintiff in retaliation for his exercise of his First Amendment right to video record police in a public place.

19.    The City is liable for a failure to properly train police officers on the right of citizens to video record police in public places.

**SECOND CAUSE OF ACTION:**
**RETALIATION AND VIOLATION OF FIRST AMENDMENT RIGHTS**

20.    Plaintiff JERRY ROTEN  reiterates and realleges paragraphs 1 -19 as though fully set forth herein.  Made defendants are Young, Engi and the City of Minden.

21.    JERRY ROTEN  contends that defendants violated his right

to be free from false arrest or detention in violation of the First and

Fourteenth Amendments, as applied to the City of Minden,  of the U.S.

Constitution. Defendant ENGI and YOUNG caused the  arrest of plaintiff

in retaliation for his exercise of his First Amendment right to video record

police in a public place.

22.    The City is liable for a failure to properly train police officers on the right of

citizens to video record police in public places.

23.    The arrest for resisting an officer took place at the Minden city jail.  That

arrest and another other arrests which arose after Plaintiff's arrest for

using a video recorder in public were caused by and were in retaliation for

Plaintiff's exercise of his First Amendment right to video record police in a

public place.  Plaintiff, as well as all citizens, have the First Amendment

right to video record in public.

**THIRD CAUSE OF ACTION:**
**STATE LAW CLAIMS: UNLAWFUL ARREST, NEGLIGENCE, RETALIATION**

24.    Plaintiff reiterates and realleges all of the foregoing paragraphs as though

fully set forth herein.

25.    Plaintiff alleges violations of Louisiana Civil Code Article 2315.  Officer

Engi, Young, Chief, supervisors, booking officers, dispatchers and other

City of Minden employees while in the course and scope of their employment with the City of Minden violated plaintiff's rights under Article One Section 5 of the 1974 Louisiana Constitution. Also, the defendants and described agents, employees and representatives are liable for fault under LSA-C.C. art. 2315 and the Code of Criminal Procedure Articles. The defendants are liable in solido unto plaintiff.  Plaintiff brings suit for false arrest and retaliation for exercise of freedom of expression and speech under the 1974 Louisiana Constitution.

26.     Roten contends that Defendants Engi and Young and other employees of the City such as their supervisor, Chief, booking officer, jailer, dispatcher and other as yet unnamed employees committed acts of fault and negligence by causing the arrest of petitioner, retaliating for video recording police activity in a public place, failure to train and  using negligent apprehension techniques.

27.     Comparative fault and joint liability is applicable to petitioner's state law claims under C.C. art.  2315, 2323 and 2324.

**MISCELLANEOUS PROVISIONS**

28.     Plaintiff is entitled to an award of  Punitive damages against Engi and Young because they were deliberately indifferent to the federally protected rights of petitioner.

29.   Plaintiff demands a trial by jury.

30.   Plaintiff suffered mental distress,  loss of liberty, loss of earning capacity, loss of enjoyment of life, embarrassment and humiliation as a result of the actions of the defendants.

31.   Plaintiff suffered consequential damages including but not limited to attorney fees, bond fees, fine, court costs and lost income.

32.   Plaintiff is entitled to an award of attorney fees and costs under 42 USC 1983 and 1988.

33.   Neither Engi, Young  nor any city officer or other employee of the City of Minden is entitled to qualified  immunity under federal law. There is no qualified immunity available under Louisiana state law nor is qualified immunity available to the City of Minden.

WHEREFORE, PLAINTIFF, JERRY ROTEN prays that:

1.   He  be granted a trial by jury.

2.   There be judgment herein and against Defendants CITY OF MINDEN, ENGI AND SETH YOUNG in solido in a reasonable amount to be set by the Court, plus judicial interest, compensatory damages, loss of liberty, loss of enjoyment of life, consequential damages, and all costs of court, including attorney fees plus judicial interest from date of demand.

3.   There be judgement herein against YOUNG and ENGI for punitive

damages.

4.      Such other and further relief as may be just.

5.      Judicial interest from date of judicial demand.


                              Respectfully Submitted,



                               _/s/ Nelson Cameron_____
                              NELSON W. CAMERON
                              Attorney at Law
                              675 Jordan Street
                              Shreveport, Louisiana 71101
                              (318) 226-0111
                              Bar No. 01283

                              **Attorney for Plaintiff**